**E-FILED**
Monday, 21 November, 2005  03:27:11 PM
Clerk, U.S. District Court, ILCD

IN THE UNITED STATES DISTRICT COURT
FOR THE CENTRAL DISTRICT OF ILLINOIS
SPRINGFIELD DIVISION

| | | |
|---|---|---|
| RABBI K.A. ISRAEL, Guardian and Son of the Dearly Departed Ms. Louise (Garth) Richardson, | ) ) ) ) | |
| Plaintiff, | ) ) | |
| vs. | ) ) | No. 04-3140 |
| STATE OF ILLINOIS DEPARTMENT OF PUBLIC HEALTH; ERIC E. WHITACRE, Director of the Illinois Department of Public Health; CATHERINE M. STOKES, Assistant Deputy Director Bureau of Hospitals and Ambulatory Services, Illinois Department of Public Health; Division of Healthcare Facilities and Programs, Illinois Department of Public Health; ROSE CASTLEMAN, Illinois Department of Health; MAURICE McCALLISTER, Chicago Office, Illinois Department of Public Health; AIDA TRINIDAD, Chicago Office, Illinois Department of Public Health; ROSE KRAEM, Chicago Office, Illinois Department of Public Health; SECRETARY TOMMY THOMPSON, Director U.S. Department of Health and Human Services; | ) ) ) ) ) ) ) ) ) ) ) ) ) ) ) ) ) ) ) | |
| Defendants. | ) | |

1

OPINION

RICHARD MILLS, U.S. District Judge:

This case is before the Court on remand from the Seventh Circuit to determine whether to "reopen" the time in which to appeal under Federal Rule of Appellate Procedure 4(a)(6).

On April 6, 2005, the Court entered a judgment dismissing the case. Because a federal official was a party, Plaintiff Rabbi K. A. Israel had 60 days to file a notice of appeal. *See* Fed. R. App. P. 4(a)(1)(B). The Plaintiff's notice of appeal was filed more than 60 days later--on June 22, 2005.

In an Order entered on September 27, 2005, the Court declined to extend or reopen the time in which to appeal on the basis that the Plaintiff "is unable to show excusable neglect or good cause under Rule 4(a)(5)(ii)." Because that standard does not apply to a request to appeal under Rule 4(a)(6), the Seventh Circuit remanded the case to this Court to determine whether to reopen the time to appeal under Rule 4(a)(6) and to provide reasons for its decision.

Federal Rule of Appellate Procedure 4(a)(6) provides:

The district court may reopen the time to file an appeal for a period of 14 days after the date when its order to reopen is entered, but only if all the following conditions are satisfied:
    (A) the motion is filed within 180 days after the judgment or order is entered or within 7 days after the moving party receives notice of the entry, whichever is earlier;
    (B) the court finds that the moving party was entitled to notice of the entry of judgment or order sought to be appealed but did not receive the notice from the district court or any party within 21 days after entry; and
    (C) the court finds that no party would be prejudiced.

The Plaintiff's motion for an extension of time to file an appeal was filed on July 11, 2005. This was more than seven days after the Plaintiff received notice of the judgment of April 6, 2005. The Plaintiff's notice of appeal is dated June 19, 2005 and was filed on June 22, 2005. It is clear, therefore, that the Plaintiff received notice of the entry of judgment no later than June 19, 2005. Because the Plaintiff's motion was filed more than seven days after receiving notice of the entry of judgment, he is unable to satisfy Rule 4(6)(a)(A). The Plaintiff has failed to satisfy each of the three conditions which are required in order to reopen the time for appeal under Rule 4(a)(6). Accordingly, the Court declines to reopen the time in which

to file an appeal.

Ergo, the Court declines to reopen the time in which to file an appeal

under Federal Rule of Appellate Procedure 4(a)(6).  The Clerk of Court will

forward a copy of this Opinion and Order to the Seventh Circuit.

ENTER: November 21, 2005

FOR THE COURT:

s/Richard Mills
United States District Judge