**E-FILED**
Wednesday, 22 February, 2006  05:55:46 PM
Clerk, U.S. District Court, ILCD

## IN THE UNITED STATES DISTRICT COURT
## FOR THE CENTRAL DISTRICT OF ILLINOIS
## SPRINGFIELD DIVISION

| | | |
|---|---|---|
| RABBI K.A. ISRAEL, Guardian and Son of the Dearly Departed Ms. Louise (Garth) Richardson, | ) ) ) ) | |
| Plaintiff, | ) ) | |
| vs. | ) ) | No. 04-3140 |
| STATE OF ILLINOIS DEPARTMENT OF PUBLIC HEALTH; ERIC E. WHITACRE, Director of the Illinois Department of Public Health; CATHERINE M. STOKES, Assistant Deputy Director Bureau of Hospitals and Ambulatory Services, Illinois Department of Public Health; Division of Healthcare Facilities and Programs, Illinois Department of Public Health; ROSE CASTLEMAN, Illinois Department of Health; MAURICE McCALLISTER, Chicago Office, Illinois Department of Public Health; AIDA TRINIDAD, Chicago Office, Illinois Department of Public Health; ROSE KRAEM, Chicago Office, Illinois Department of Public Health; SECRETARY TOMMY THOMPSON, Director U.S. Department of Health and Human Services; | ) ) ) ) ) ) ) ) ) ) ) ) ) ) ) ) ) | |
| Defendants. | ) | |

OPINION

RICHARD MILLS, U.S. District Judge:

The Seventh Circuit has remanded the case to this Court to determine whether to "reopen" the time in which to appeal under Federal Rule of Appellate Procedure 4(a)(6), based on the Plaintiff's filing of June 22, 2005 [d/e 41].

On April 6, 2005, the Court entered a judgment dismissing the case. Because a federal official was a party, Plaintiff Rabbi K. A. Israel had 60 days to file a notice of appeal. *See* Fed. R. App. P. 4(a)(1)(B). The Plaintiff's notice of appeal [d/e 42] was filed more than 60 days later--on June 22, 2005. On the same date, the Plaintiff filed a document which was docketed as a "Notice of Change of Address," which the Seventh Circuit treats as a separate request to extend or reopen the time to appeal. It asks the Court to determine whether to "reopen" the time to appeal under Rule 4(a)(6) based on that filing.

Federal Rule of Appellate Procedure 4(a)(6) provides:

The district court may reopen the time to file an appeal for a period of 14 days after the date when its order to reopen is

entered, but only if all the following conditions are satisfied:

    (A) the motion is filed within 180 days after the judgment or order is entered or within 7 days after the moving party receives notice of the entry, whichever is earlier;

    (B) the court finds that the moving party was entitled to notice of the entry of judgment or order sought to be appealed but did not receive the notice from the district court or any party within 21 days after entry; and

    (C) the court finds that no party would be prejudiced.

In the document which the Seventh Circuit asks the Court to consider (which is addressed to the Clerk of Court), the Plaintiff states in pertinent part, " I am writing to you because my address has not yet been changed in the files of your offices. This has resulted in the delay of my response to the order issued by the Hon. Mag. Judge B.E. [sic] Cudmore on April 6, 2005."[1] The Plaintiff further claims that his address changed on January 1, 2005.

The Court concludes that the conditions of Federal Rule of Appellate Procedure 4(a)(6) have not been satisfied.

<u>Rule 4(a)(6)(A)</u>: The Plaintiff's request of June 22, 2005 obviously

---

[1] Presumably, the Plaintiff is actually referring to the Order signed by the undersigned.

was filed within 180 days after the order was entered; however, it is unclear whether it was filed within 7 days after the Plaintiff received notice of the April 6, 2005 judgment and order.

On April 13, 2005, the Plaintiff filed what he referred to as a motion for jury trial.[2] There does not appear to be any language in that motion which would indicate that the Plaintiff had received notice that his case was dismissed one week earlier. On April 18, 2005, the United States filed a memorandum on behalf of the federal Defendant in opposition to the Plaintiff's motion for a jury trial. In that memorandum the Government states, "On April 6, 2005, this Court dismissed this claim." The certificate of service shows that a copy of the Government's memorandum was mailed on April 18 to the Plaintiff at the address that was then on file for him (which only made sense given that he did not file a notice of change of address when his address changed).

In another memorandum filed on July 19, 2005,[3] the Government

---

[2] That motion is actually dated April 11, 2005.

[3] This was a memorandum in opposition to the Plaintiff's motion to extend the time to file a notice of appeal.

observes that the Plaintiff could have had his mail forwarded. The Government further states in footnote 2, "In fact, he may have done this. When the United States Attorney's Office sent him mail, it was not returned." The Court notes that the docket does not show that any mail addressed to the Plaintiff (such as the April 6, 2005 Order dismissing the case or the subsequent Judgment) was returned.

Based on the foregoing, the Court concludes that the Plaintiff's June 22, 2005 notice regarding his address change was not filed within seven days of when he received notice that his case was dismissed. Consequently, the Plaintiff cannot meet the time requirement of Rule 4(a)(6)(A). Given that the Plaintiff's mail was not returned, the Court concludes that he received notice within 60 days of April 6.[4]

Rule 4(a)(6)(B): For the reasons already given, the Court is unable to find that the Plaintiff "did not receive the notice from the district court or any party within 21 days after entry" of judgment. The Court has no reason

---

[4]The Court recognizes that the notice at issue was filed approximately 75 days after the judgment appealed from was entered. Accordingly, the seven-day window is rather narrow.

to believe that it took more than 21 days for the Plaintiff to receive his forwarded mail.

Rule 4(a)(6)(C): The Court also finds that the Plaintiff cannot meet this condition in that other parties clearly would be prejudiced. The Plaintiff blames the Clerk for not changing his address, even though he failed to file a notice of change of address until June 22, 2005, when he filed the document which is now at issue. This was almost six months after the Plaintiff claims that his address changed. The Court finds that extending or reopening the time for the Plaintiff in which to file an appeal would result in other parties being prejudiced. It would prejudice those parties who keep the Court informed as to their whereabouts and closely monitor the docket.

The Plaintiff has failed to satisfy each of the three conditions which are required in order to reopen the time for appeal under Rule 4(a)(6). Accordingly, the Court will deny his request of June 22, 2005 to extend or reopen the time in which to file an appeal.

Ergo, the Court hereby DENIES the Plaintiff's request of June 22, 2005 [d/e 41] to reopen the time in which to file an appeal under Federal

Rule of Appellate Procedure 4(a)(6).

The Clerk of Court will forward a copy of this Opinion and Order to the Seventh Circuit.

ENTER: February 22, 2006

                FOR THE COURT:

                              s/Richard Mills
                              United States District Judge